IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| TONY JURISICH, JURISIC & SONS, INC. AND ROMEO BILCIC, ET AL | § § § § § § § § § § § § § | |
| *Plaintiffs,* | | CIVIL ACTION NO. _____ |
| vs. | | |
| | | JUDGE _____ |
| SUNLAND CONSTRUCTION, INC. AND FLORIDA GAS TRANSMISSON COMPANY,  LLC | | |
| *Defendants.* | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Tony Jurisich, Jurisic & Sons, Inc., Romeo Bilcic, et al, who respectfully represent as follows:

1.

Petitioner, Tony Jurisich, is a person of the full age of majority and resident and domiciliary of the State of Texas.

2.

Petitioner, Jurisic & Sons, Inc., is a business incorporated in the State of Texas with its principal place of business in the State of Texas.

3.

Petitioner, Romeo Bilcic, is a person of the full age of majority and resident and domiciliary of the State of Texas.

4.

Defendants herein are:

a) **Sunland Construction, Inc.** (hereinafter sometimes referred to as "Sunland"), is a Louisiana based company performing work in the State of Texas and is within the jurisdiction of this Honorable Court who may be served by serving its Registered Agent, Corporation Service Company, 450 Laurel Street, 8th Floor,  Baton Rouge, Louisiana 70801; and

b) **Florida Gas Transmission Company, LLC** (hereinafter sometimes referred to as "Florida Gas") is a Louisiana based company with its principal business establishment in Louisiana at 501 Louisiana Avenue, Baton Rouge, Louisiana and performing work in the State of Texas.  Florida Gas may be served by serving its registered agent for

service, Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

5.

At all pertinent times hereto, Plaintiffs were and continue to be the owners and holders of leases of state water bottom for oyster bedding purposes pursuant to the provisions of Tex. Parks & Wild. Code § 76.001 *et seq*. The state-issued oyster leases at issue are located in Galveston County, State of Texas, in or around the vicinity of Galveston Bay and include, but are not limited to, State Lease Numbers 425A, 424 and 406 (hereinafter sometimes referred to as "Plaintiffs' oyster leases").

6.

Plaintiffs' oyster leases are highly suitable for oyster cultivating and bedding purposes.

7.

Upon information and belief, Florida Gas was granted Easement No. ME 890033 for a right-of-way to maintain, operate, inspect and repair a 24-inch diameter natural gas pipeline running from Dickinson Bayou to East Bay and Galveston Bay in Galveston County, Texas. Upon information and belief, Florida Gas hired Sunland to perform repairs on the pipeline.

8.

Upon information and belief, beginning in November of 2022, Sunland and/or Florida Gas owned and/or chartered and/or operated and/or controlled vessels and marine equipment, including but not limited to, tugboats and barges which were jointly operating under the direction and control of Sunland and/or Florida Gas on and/or in the vicinity of Plaintiffs' oyster leases as part of a repair project being operated and/or controlled and/or worked by Sunland and/or Florida Gas. During the project, Sunland owned and/or charted vessels, operating under the control of Sunland and Florida Gas, wheel washed Plaintiffs' leases, jetted out on Plaintiffs' leases, and deposited concrete mats on the leases in such a way as to create hazards to fishermen, damage to the oyster beds, damage to existing oyster stock, and damage to the reefs that are located on the lease.

9.

Without the permission of Plaintiffs, vessels chartered and/or owned and/or controlled and/or operated by and/or for the benefit of Florida Gas and operating under the direction and/or control of Sunland and/or Florida Gas engaged in extensive works over and around Plaintiffs' oyster leases, which included dredging, trenching and other activities that were ultrahazardous. The vessels in question, including but not limited to tugboats, crew boats, dredges, material barges, and crane barges, caused significant damages to the oysters and the oyster reefs located on Plaintiffs' oyster leases.

10.

In November of 2022 Sunland's barge BH01 negligently deposited spoil all over Plaintiffs' leases and failed to properly use sediment control methods and devices to protect Plaintiffs' leases. Sunland's similar acts of negligence were noted on numerous other occasions.



11.

Upon information and belief, at all times pertinent herein, Sunland and/or Florida Gas controlled and/or orchestrated and/or directed and/or directly participated in the operations at issue, all of which caused and/or contributed to the damages sustained on Plaintiffs' oyster leases.

12.

At all pertinent times described herein, Sunland and/or Florida Gas's activities resulted in damages to the oysters on Plaintiffs' oyster leases and to cultch materials and water bottoms on Plaintiffs' oyster leases, all of which caused Petitioners to sustain losses.

13.

Sunland and/or Florida Gas's activities were and continue to be the sole and proximate cause of a dramatic increase in oyster mortality rates and also caused and continue to cause severe damage to Plaintiffs' oyster leases. Sunland and/or Florida Gas's activities also resulted in significant hazards left on the water bottoms which present a hazard to oyster fishing on the lease.

14.

The aforementioned activities increased oyster mortality, and the accompanying damages and losses to the oyster leases were further the fault and negligent acts of Sunland and/or Florida Gas in their failure to adhere to their state and federal permits and/or to have used alternative methods which

would have caused significantly less damage to the surrounding environment when such alternative methods and routes were clearly and reasonably available to them, as well as other acts of fault, negligence and/or strict liability which will be shown at the trial of this matter.

15.

Additionally, the aforementioned increased oyster mortality and the accompanying damages to the oyster leases were further the fault of Sunland and/or Florida Gas as a result of the wrongful entry and trespass by Sunland and/or Florida Gas onto Plaintiffs' oyster leases.

16.

Plaintiffs itemize their damages as follows:

(a) Damages to past, present and future oysters and oyster crops;

(b) Damages to oyster leases, including but not limited to cultch materials and water bottoms;

(c) Restoration and/or replacement costs of cultch and bedding materials (including water bottom and shell plant) damaged or destroyed;

(d) Loss of oyster revenues, past, present, and future;

(e) Past and future expenditures and costs associated with additional work required on said leases; and

(f) Punitive Damages.

17.

The events surrounding this incident occurred upon navigable waters such that admiralty and maritime jurisdiction apply. Plaintiffs bring their claims and causes of action pursuant to the general maritime law and to the extent necessary to the law of the adjacent state. All claims and causes of action asserted by Plaintiffs in this litigation are hereby supplemented with applicable Texas state law causes of action where necessary and appropriate and, in the alternative, if the general maritime law is found not to apply to any claims or causes of action, said claims and causes of action are hereby replaced and brought under applicable Texas state law.

18.

The Defendants are liable unto the Plaintiffs in an amount to be determined by the trier of fact, together with legal interest thereon from the date of incident, or, in the alternative, from date of judicial demand, until paid and for all costs of these proceedings.

19.

Venue is proper before this Honorable Court as this is the County where the tortious conduct occurred.

**WHEREFORE**, Plaintiffs pray that after due proceedings are had that there be judgment rendered in their favor and against Defendants, Sunland Construction, Inc. and Florida Gas Transmission Company, LLC, jointly and severally, for all reasonable damages, together with all appropriate interest and costs.  Petitioners further plead for all other general and equitable relief reasonable and necessary under the circumstance.

Dated:  October 30, 2024.

                                                                 RESPECTFULLY SUBMITTED,

                                                                 **WILLIAM DILLS LAW, PLLC**

*/s/ William Dills*

William Dills
TX Bar No. 24067421
Houston, Texas 77007
Telephone: (713) 244-5286
Facsimile:   (713) 244-6094
wdills@williamdillslaw.com