United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| TONY JURISICH, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00316 |
| | § | |
| SUNLAND CONSTRUCTION, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Defendants Sunland Construction, Inc. and Florida Gas Transmission Company, LLC have moved to dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(6). *See* Dkts. 23, 24. Having reviewed the briefing, the record, and the applicable law, I recommend the motion be denied.

### FACTS ALLEGED BY PLAINTIFFS[1]

This case arises out of alleged property damage to oyster leases in the Galveston Bay. Plaintiffs own multiple oyster leases in that area. Florida Gas possesses an easement for a right-of-way to maintain, operate, inspect, and repair a 24-inch diameter pipeline running from Dickinson Bayou to East Bay and Galveston Bay. Florida Gas hired Sunland to perform repairs on the pipeline.

Beginning in November 2022, Sunland and Florida Gas operated vessels in the vicinity of Plaintiffs' oyster leases as part of the repair project on the pipeline. Plaintiffs allege that those vessels "wheel washed Plaintiffs' leases, jetted out on Plaintiffs' leases, and deposited concrete mats on the leases in such a way as to create hazards to fishermen, damage to the oyster beds, damage to existing oyster stock, and damage to the reefs that are located on the lease." Dkt. 22 at 3. "Work performed by [Sunland and Florida Gas] caused large amounts of sediment to

---

[1] This section recites the factual allegations contained in Plaintiffs' First Amended Original Complaint, the live pleading in this matter. *See* Dkt. 22.

enter the delicate ecosystem in and around Plaintiffs' oyster leases," negatively impacting the oyster reefs. *Id.* at 4. Plaintiffs further insist that vessels operating under the control of Sunland and Florida Gas "engaged in extensive workover around Plaintiffs' oyster leases, which included dredging, trenching and other activities that were ultrahazardous . . . , caus[ing] significant damages to the oysters and the oyster reefs located on Plaintiffs' oyster leases." *Id.* at 3. Of note, Plaintiffs specify that "[i]n November of 2022 Sunland's barge BH101 negligently deposited spoil all over Plaintiffs' leases and failed to properly use sediment control methods and devices to protect Plaintiffs' leases." *Id.* at 4. Plaintiffs also claim "Sunland's similar acts of negligence were noted on numerous other occasions." *Id.*

On October 30, 2024, Plaintiffs filed this lawsuit against Sunland and Florida Gas, invoking admiralty and maritime jurisdiction. Plaintiffs assert causes of action for negligence and trespass against Sunland and Florida Gas.

## LEGAL STANDARD

It is important to remember that this case is before me on a motion to dismiss. Such motions are generally evaluated on the pleadings alone and challenge a complaint's legal sufficiency. This is in stark contrast to a motion for summary judgment, which addresses whether a genuine issue of material fact remains after considering both sides' proffered evidence, much of which is obtained through the discovery process.

In recent years, it has become commonplace at the outset of a case for litigants to file a motion to dismiss under Rule 12(b)(6), which authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The frequency with which Rule 12(b)(6) motions are filed is somewhat perplexing because the Fifth Circuit has repeatedly stated that such "motions are viewed with disfavor and rarely granted." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quotation omitted). Despite this guidance, parties continue to flood the federal courts with motions to dismiss, seeking to practically end cases before they even begin.

Under the familiar Rule 12(b)(6) standard, I must construe the complaint liberally in Plaintiffs' favor and take all well-pleaded facts as true. *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Even so, I need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Hodge*, 90 F.4th at 843 (quotation omitted). To defeat a Rule 12(b)(6) motion to dismiss, Plaintiffs must simply "nudge[] their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Plaintiffs bring negligence and trespass claims. "The elements of a maritime negligence cause of action are essentially the same as land-based negligence under the common law." *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 842 (5th Cir. 2005). Those elements are: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the plaintiff sustained damages, and (4) the defendant's conduct caused the plaintiff's damages. *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 211 (5th Cir. 2010). As for the maritime trespass claim, the Fifth Circuit has held that "one is liable for trespass if he intentionally enters land in possession of another, or causes a thing or a third person to do so." *Marastro Compania Naviera, S.A. v. Canadian Mar. Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992) (citing Restatement (Second) of Torts § 158).

Claiming that Plaintiffs' allegations of wrongdoing are "generic, speculative, [and] conclusory," Sunland and Florida Gas ask the court to dismiss this case with prejudice at the pleading stage. Dkt. 23 at 3. In seeking dismissal, Sunland and Florida Gas argue that Plaintiffs "do not allege specifics as to the 'when, where, what, why, or how,' nor do they specify 'who' (or what vessel) allegedly caused their damages." *Id.* at 6. Because of this lack of specificity, Sunland and Florida Gas

contend that they "cannot defend against" Plaintiffs' negligence and trespass claims. *Id.*

In response, Plaintiffs argue:

> In the case at hand, Plaintiffs have properly identified the subject oyster leases not only by lease number, but also by specific coordinates as used in various State documents. Plaintiffs have plead specific date(s) on which activities conducted by and/or at the direction of the Defendants took place even going so far as to include photographs including date and time stamps of the activities causing the alleged damage to Plaintiffs' oyster leases. Plaintiffs have clearly set forth in their pleadings that Defendants acted negligently in depositing silt, soil, and other bottom material all over Plaintiffs' leases and failed to properly use sediment control methods and devices to protect Plaintiffs' leases resulting in significant damage to Plaintiffs' oyster beds and the loss of commercially valuable oysters. To claim that Plaintiffs have failed to state a claim upon which relief can be granted is simply disingenuous and as such Defendants' Motion should be denied.

Dkt. 25 at 9.

Although the First Amended Complaint could have undoubtedly included more detailed allegations, I find that, taking the facts pleaded as true and viewing them in the light most favorable to Plaintiffs, Plaintiffs have pleaded sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs have sufficiently alleged each element of a maritime negligence claim and a maritime trespass claim so as to avoid dismissal. Plaintiffs assert that Sunland and Florida Gas's operations in Galveston Bay "caused large amounts of sediment to enter the delicate ecosystem in and around Plaintiffs' oyster leases." Dkt. 22 at 4. This, in turn, Plaintiffs allege, caused "a dramatic increase in oyster mortality rates and also caused and continue to cause severe damage to Plaintiffs' oyster leases." *Id.* at 5. These losses, Plaintiffs claim, were due to the "fault and negligent acts of Sunland and/or Florida Gas." *Id.* More specifically, Plaintiffs maintain that Sunland and Florida Gas failed "to adhere to their state and federal permits," and refused to utilize "alternative methods which would have caused significantly less

damage to the surrounding environment when such alternative methods and routes were clearly and reasonably available to them." *Id.*

The crux of Sunland and Florida Gas's argument in support of dismissal is that the First Amended Complaint is not specific enough. It does not, they say, identify the specific state and federal permits that Sunland and Florida Gas allegedly violated, nor describe the methods and routes Sunland and Florida Gas failed to take. It does not pinpoint the name of every vessel that caused significant damage to the oyster reefs, and does and specify the dates each of those vessels engaged in ultrahazardous activities. It also does not explain the exact location the wrongful conduct took place. To some extent, these criticisms are valid. I certainly would have preferred for the First Amended Complaint to be more comprehensive. Taken as a whole, however, Plaintiffs' allegations provide "fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (cleaned up). That is all that is required. Because the purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case, I conclude that Plaintiffs have pleaded sufficient facts to proceed to discovery.

Sunland and Florida Gas rely almost entirely on *Shelley v. Hilcorp Energy Co.*, a recent case from the Eastern District of Louisiana—affirmed by the Fifth Circuit—in which the district court dismissed at the Rule 12(b)(6) stage a lawsuit alleging damage to oyster leases on the ground that vague and conclusory allegations in the complaint did not support negligence claims. *See* No. 22-1345, 2023 WL 4235563, at *1 (E.D. La. June 28, 2023), *aff'd sub nom. Matter of Settoon Towing, L.L.C.*, No. 23-30578, 2024 WL 3520166 (5th Cir. July 24, 2024). That case is readily distinguishable. In *Shelley*, the plaintiffs alleged that the oil and gas exploration and production activities of 16 separate entities resulted in a sudden increase in brine or produced water, leading to significant oyster mortality. *See Shelley*, 2023 WL 4235563, at *5. The district court granted several Rule 12(b)(6) motions because the *Shelley* "[p]laintiffs failed to plead particularized facts about any one defendant's allegedly tortious conduct and instead alleged that [the 16]

Defendants were collectively involved in unspecified activities or operations that resulted in the oyster mortality." *Matter of Settoon Towing, L.L.C.*, 2024 WL 3520166, at *2 (quotation omitted). As the Fifth Circuit noted in affirming the district court's dismissal, the *Shelley* "complaint is more akin to a 'group pleading' complaint, which this Court has rejected." *Id.* at *2 n.13. That is not the situation here. This case involves only two defendants—Sunland and Florida Gas. The First Amended Complaint provides fair notice to both companies of the conduct, if proven true, that entitles Plaintiffs to relief. In short, Plaintiffs' allegations are sufficient to overcome the Rule 12(b)(6) motion to dismiss.

**CONCLUSION**

For the reasons discussed above, I recommend that Sunland and Florida Gas's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkts. 23, 24) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this _2nd_ day of May 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE